UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NICHOLAS SHOT,

                                 Plaintiff,

                                                                                             Case # 25-CV-06333-FPG

v.

                                                                                         DECISION AND ORDER

TOWN OF IRONDEQUOIT, et al.,

                                Defendants.
_____

## INTRODUCTION

Plaintiff Nicholas Shot brings this action against Defendants, Town of Irondequoit ("Town"), as well as Town of Irondequoit Police Officers James Frascati ("Frascati"), Jeffrey Colegrove ("Colegrove"), Joseph Coon ("Coon"), Alyssa Szwartz ("Szwartz"), and John/Jane Does #1-10 (the "DOES"), each in their individual and official capacities.

Plaintiff alleges that on June 25, 2024, defendants Frascati, Colegrove, Coon, Swzartz, and the DOES (the "Individual Defendants") unlawfully entered his home, violently seized him, tackled him to the ground, forcibly restrained him with handcuffs, and continued to assault him. ECF No. 1 ¶¶ 19–20. Plaintiff alleges that he sustained serious injuries that required immediate medical treatment. *Id.* ¶¶ 23, 25. He further alleges that the Individual Defendants, despite being aware of his injuries, denied him medical treatment, thereby exacerbating his pain and suffering. *Id.* ¶¶ 22, 25.

Plaintiff brings seven causes of action, three of which are brought pursuant to 42 U.S.C. § 1983, alleging: (1) excessive force against the Individual Defendants; (2) failure to intervene against the Individual Defendants; and (3) *Monell* liability against the Town. *Id.* ¶¶ 27–44. Plaintiff also brings four claims pursuant to New York State law, alleging: (1) assault and battery

against all Defendants; (2) negligence against all Defendants; (3) negligent hiring, improper supervision, and improper retention against the Town; and (4) *respondeat superior* against the Town. *Id.* ¶¶ 45–71. Plaintiff seeks punitive damages, among other forms of relief. *Id.* ¶ 4.

On August 20, 2025, Defendants moved to dismiss Plaintiff's claims, in part, pursuant to the Federal Rule of Civil Procedure ("Rule") 12(b)(6). ECF No. 4. Plaintiff opposes the motion in part. ECF No. 8. For the reasons that follow, Defendants' motion is GRANTED IN PART and DENIED IN PART.

## LEGAL STANDARD

Rule 12(b)(6) provides that a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In reviewing a Rule 12(b)(6) motion, a court must "draw all reasonable inferences in Plaintiff['s] favor." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). To survive a motion to dismiss, a complaint must contain sufficient factual material, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The application of this standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## DISCUSSION

Defendants move to dismiss Plaintiff's (1) claims asserted against the Individual Defendants in their official capacities; (2) sixth cause of action (state claim for negligent hiring, improper supervision, and improper retention); and (3) claim for punitive damages to the extent that they are sought against the Town. ECF No. 4-3 at 11–13. Although objecting to Defendants'

2

motion, Plaintiff discontinued his claims against the Individual Defendants in their official capacities, his sixth cause of action, and his punitive damages claim against the Town. ECF No. 12 at 10–11. As such, all claims against the Individual Defendants in their official capacities, Plaintiff's sixth cause of action, and claim for punitive damages to the extent that they are sought against the Town are dismissed.

Defendants also move to dismiss Plaintiff's state law claim for negligence and claims against the Town. ECF No. 4-3 at 7–12. The Court discusses each of Defendants' remaining arguments below.

I. **State Law Claim for Negligence**

Defendants move to dismiss Plaintiff's fifth cause of action for negligence under New York State law, arguing that it is duplicative of his excessive force, assault, and battery claims. ECF No. 4-3 at 12.[1] Plaintiff disagrees, claiming that his negligence claim encompasses allegations of Defendants' denial of immediate and necessary medical treatment. ECF No. 12 at 9. Defendants rebut Plaintiff's contention by arguing that he "impermissibly pivot[s]" his negligence claim to relate it to a claimed delay in medical treatment. ECF No. 13 at 3–4.

As an initial matter, the Court agrees with Defendants that a negligence claim cannot stand if it is duplicative of an excessive force, assault, or battery claim. *See Benbow v. City of N.Y.*, No. 17-CV-6457, 2024 WL 5165073, at *11 (E.D.N.Y. Dec. 19, 2024). Although Plaintiff concedes this point, he argues that his negligence claim somehow incorporates the allegation of the delay in medical treatment because the complaint includes the phrase, "Plaintiff repeats, reiterates, and realleges each and every allegation contained in all other paragraphs of the Complaint herein." ECF No. 12 at 9; *see* ECF No. 1 ¶ 56. Plaintiff's argument is unconvincing.

---

[1] Because the Court dismisses Plaintiff's fifth cause of action for state law negligence on grounds discussed within this section, Defendants' other arguments related to this claim will not be addressed by this Court.

3

Plaintiff's fifth cause of action in the complaint discusses Defendants' alleged negligence for inflicting and failing to prevent the abuse against him; however, it does not refer to the delay in providing medical treatment. ECF No. 1 ¶¶ 56–60. Plaintiff's boilerplate assertion alone—that he repeats each and every allegation in the complaint—does not supplement his allegations to argue what he did not include. *See, e.g.*, *Bradstreet v. City of Rochester*, No. 23-CV-6147, 2024 WL 1178338, at *9–10 (W.D.N.Y. Mar. 19, 2024) (finding that the plaintiff did not make a claim against a defendant who was not mentioned within the cause of action, notwithstanding language that the plaintiff "repeats, reiterates and realleges the preceding paragraphs as if more fully set forth herein"); *Willow Run Foods Inc. v. New World Rest. Grp.*, No. 06-CV-0425, 2006 WL 1228853, at *2 (N.D.N.Y. May 4, 2006) (analyzing the plaintiff's cause of action based on the facts specifically included within the cause of action, despite language that the plaintiff "repeats each and every allegation contained [above]").

Because Plaintiff cannot rely on his opposition to supplement claims in the complaint, *see Urban v. Bassett*, No. 22-CV-19, 2022 WL 1667377, at *2 (W.D.N.Y. Apr. 18, 2022), the Court concludes that the alleged delay in medical treatment does not form part of his negligence claim. As a result, Plaintiff's claim only relates to his allegation that the Individual Defendants were negligent for inflicting and failing to prevent the abuse against him. However, as discussed, this does not survive Defendant's motion as it is duplicative of Plaintiff's excessive force, assault, and battery claims. *See Benbow*, 2024 WL 5165073, at *11.

For these reasons, Plaintiff's fifth cause of action is dismissed.

## II. Claims Against the Town

Defendants move to dismiss Plaintiff's *Monell* claim, and by extension, his fourth (state claim for assault and battery) and seventh (state law claim for *respondeat superior*) causes of action

against the Town.  ECF No. 4-3 at 2, 12–13.  Defendants argue that Plaintiff fails to plausibly allege *Monell* liability because he only sets forth claims arising from a single incident and provides no factual detail to support his claims.  *Id.* at 7–12.  Defendants contend that this is insufficient to allege the existence of a municipal custom, policy, or practice, or to allege the Town failed to train or supervise its police officers.  *Id.* at 8–12.  Plaintiff disagrees, arguing that he plausibly alleged a *Monell* claim against the Town and that he need not prove the full scope of the Town's policies or produce records of prior incidents at this stage.  ECF No. 12 at 7, 9.

The Court addresses Defendants' arguments in turn.

### A. *Monell* Claim

"To hold a city [or town] liable under § 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Torraco v. Port Auth. of N.Y. & N.J.*, 615 F.3d 129, 140 (2d Cir. 2010) (brackets and citation omitted).  "A plaintiff can establish an official policy or custom by showing any of the following: (1) a formal policy officially endorsed by the municipality; (2) actions or decisions made by municipal officials with decision-making authority; (3) a practice so persistent and widespread that it constitutes a custom of which policymakers must have been aware; or (4) a failure by policymakers to properly train or supervise their subordinates, such that the policymakers exercised 'deliberate indifference' to the rights of the plaintiff and others encountering those subordinates." *McLennon v. City of N.Y.*, 171 F. Supp. 3d 69, 94 (E.D.N.Y. 2016); *see also Newton v. City of N.Y.*, 566 F. Supp. 2d 256, 271–72 (S.D.N.Y. 2008).

Here, Plaintiff does not allege that the Town maintains a formal policy or custom that it officially promulgated; nor does he argue that the acts or decisions by final policymakers

established an official policy. *See generally* ECF No. 1 ¶¶ 38–60, 69–71; ECF No. 12 at 7–9. Accordingly, the pending issues pertain to whether Plaintiff has plausibly alleged that (1) a sufficiently widespread practice existed to constitute a custom; or that (2) the Town's failure to adequately train, discipline, or retain officers amounts to deliberate indifference. *See McLennon*, 171 F. Supp. 3d at 94.

First, Plaintiff insufficiently pleads the existence of "a practice so persistent and widespread that it constitutes a custom of which policymakers must have been aware" to support his *Monell* claim. *Id.* Plaintiff alleges that the Town "has tolerated the use of excessive force by its police officers [despite] a plethora of complaints from citizens of being subjected to Constitutional violations by police officers, detectives, and/or supervisors." ECF No. 1 ¶ 39; ECF No. 12 at 8. Yet, neither the complaint nor Plaintiff's opposition identify any details about the "plethora of complaints" that he refers to. Without more, the only allegation of police misconduct is Plaintiff's own encounter with the Individual Defendants. However, "[i]t is well-settled that 'a single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal liability.'" *Jie Yin v. NFTA*, 188 F. Supp. 3d 259, 274 (W.D.N.Y. 2016) (quoting *DeCarlo v. Fry*, 141 F.3d 56, 61 (2d Cir. 1998)); *see also Santiago v. City of Rome*, No. 24-CV-704, 2025 WL 553347, at *9 (N.D.N.Y. Feb. 19, 2025) (finding that the plaintiff failed to plausibly allege the existence of a widespread practice or failure to train because he only alleged one incident and did not detail the "plethora of complaints from citizens" alleged in the complaint); *Powell v. City of Jamestown*, No. 21-CV-721, 2022 WL 1913581, at *12 (W.D.N.Y. June 3, 2022) (finding that the plaintiff did not sufficiently plead widespread practice because the complaint was "entirely conclusory" consisted of "unspecified

prior incidents—without any details at all"). Plaintiff has thus failed to state a *Monell* claim based on persistent or widespread municipal practice.

Similarly, Plaintiff has failed to plausibly allege his failure to train, discipline, or screen claims. Plaintiff generally asserts a variety of arguments that the Town failed to (1) "adequately train" and "retrain and update training of its police officers and detectives regarding the proper use of force"; (2) hire and retain competent officers; (3) "establish and implement meaningful procedures for disciplining or re-training officers"; (4) "implement adequate disciplinary policies"; and (5) "train officers on their duty to intervene to prevent Constitutional violations by other officers." ECF No. 1 ¶¶ 39–40. Repeating these allegations in his opposition, Plaintiff argues that "the Town's policymakers were aware of and deliberately indifferent to the risk of recurring constitutional violations." ECF No. 12 at 8.

"Municipal liability can … be established through a municipal policymaker's failure to appropriately train, supervise, discipline, or screen municipal employees where such a failure amounts to deliberate indifference to the rights of those with whom municipal employees will come into contact." *Tirado v. City of N.Y.*, No. 19-CV-10377, 2021 WL 11646299, at *9 (S.D.N.Y. Jan. 25, 2021) (quotation marks and citations omitted); *see also Baumeister v. Erie Cnty.*, No. 23-CV-1150, 2024 WL 4362311, at *7 (W.D.N.Y. Sept. 30, 2024). "Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (quotation marks, brackets, and citation omitted). Therefore, to establish deliberate indifference, a plaintiff must show that: (1) a policymaker knows "to a moral certainty" that city employees will confront a particular situation; (2) the situation either presents the employee with "a difficult choice of the sort that training or supervision will make less difficult" or "there is a history of employees

7

mishandling the situation"; and (3) "the wrong choice by the city employee will frequently cause the deprivation of a citizen's constitutional rights." *Wray v. City of N.Y.*, 490 F.3d 189, 195–96 (2d Cir. 2007) (quoting *Walker v. City of N.Y.*, 974 F.2d 293, 297–98 (2d Cir. 1992)).

As discussed, Plaintiff has only raised facts about the purported misconduct stemming from his single incident with the Individual Defendants. Yet, "only a 'narrow range' of circumstances would support such single-incident liability, where the 'unconstitutional consequences of failing to train [or supervise] were patently obvious.'" *Schnitter v. City of Rochester*, 931 F. Supp. 2d 469, 475 (W.D.N.Y. 2013) (brackets omitted) (quoting *Connick*, 563 U.S. at 63), *aff'd*, 556 F. App'x 5 (2d Cir. 2014). No such rare circumstances are found in this case that is largely consisted of bare and conclusory statements. Plaintiff fails to identify a specific deficiency in the Town's training procedures, *see Parson v. Campbell*, No. 25-CV-956, 2025 WL 3514155, at *8 (N.D.N.Y. Dec. 8, 2025), *report and recommendation adopted*, 2026 WL 141903 (N.D.N.Y. Jan. 20, 2026), a pattern of misconduct that would have put the Town on notice for the need for better supervision or discipline, *see Baumeister*, 2024 WL 4362311, at *9, or a failure to appropriately screen the police officers it hired, *see id.*; *Tirado*, 2021 WL 11646299, at *12. As such, Plaintiff does not provide enough specific factual allegations that tend to support the inference that the Town failed to train its police officers. *See Tirado*, 2021 WL 11646299, at *3 ("While a plaintiff need not provide 'detailed factual allegations' in their complaint, they must assert 'more than labels and conclusions, and a formulaic recitation of a cause of action's elements' in order to survive a Rule 12(b)(6) motion to dismiss." (quoting *Twombly*, 550 U.S. at 555)).

For these reasons, Plaintiff's § 1983 claims against the Town are dismissed.

B. **State Law Claims**

Defendants also move to dismiss Plaintiff's fourth (state claim for assault and battery) and seventh (state law claim for *respondeat superior*) causes of action on the ground that they are insufficiently pleaded under *Monell*. ECF No. 4-3 at 10. Although Plaintiff does not specifically oppose this argument, the Court disagrees with Defendants.

"While *Monell* is relevant to plaintiff['s] federal claims …, it is not dispositive with respect to plaintiffs' state-law claims against the [municipality]." *Colon v. City of Rochester*, 419 F. Supp. 3d 586, 603 (W.D.N.Y. 2019). The law in New York is well established that a "New York municipal employer ... is liable for intentional torts, such as assault and battery, committed by its employees provided that the tort is committed within the scope of the plaintiff's employment." *Id.* (brackets omitted) (quoting *Green v. City of N.Y.*, 465 F.3d 65, 86 (2d Cir. 2006)) (collecting cases). Because the Town may be liable under Plaintiff's state law claims for assault and battery under a theory of *respondeat superior*, Defendants' arguments have no merit.

For these reasons, Defendants' motion to dismiss Plaintiff's fourth and seventh causes of action against the Town is denied.

III. **Leave to Amend**

Plaintiff has requested leave to amend the complaint. ECF No. 12 at 10. Rule 15(a)(2) directs district courts to give plaintiffs leave to replead "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, the Second Circuit has declined to allow amendment in cases in which an additional pleading would be futile. *See e.g., Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Because claims cannot be brought against the Individual Defendants in their official capacities, amending the complaint to reallege these claims would be futile. The Court, however, does not find that it would be futile to amend the complaint regarding Plaintiff's claim of

negligence to the extent that the claims are not duplicative of Plaintiff's excessive force, assault, or battery claim. Similarly, the Court does not find that it would be futile to amend the complaint regarding Plaintiff's claims of municipal liability. Accordingly, Plaintiff's request to amend the complaint is granted. Plaintiff may file an amended complaint by March 16, 2026.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART.

Plaintiff's claims against Defendants Town of Irondequoit Police Officers James Frascati, Jeffrey Colegrove, Joseph Coon, Alyssa Szwartz, and John/Jane Does #1-10, in their official capacities, are DISMISSED WITH PREJUDICE. The Clerk of Court is directed to terminate these Individual Defendants in their official capacities as Defendants in this action.

Plaintiff's fifth cause of action for state law negligence against Defendants is DISMISSED WITHOUT PREJUDICE.

Plaintiff's claims under 42 U.S.C. § 1983 against the Town of Irondequoit are DISMISSED WITHOUT PREJUDICE.

Plaintiff may file an amended complaint by March 16, 2026. If Plaintiff does not file an amended complaint by this date, his fifth cause of action for state law negligence and claims under 42 U.S.C. § 1983 against the Town of Irondequoit will be dismissed with prejudice.

IT IS SO ORDERED.

Dated: February 12, 2026
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Court
Western District of New York